***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs and arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence, and upon reconsideration, the Full Commission hereby REVERSES the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS *Page 2 
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over this matter.
2. All parties are subject to and bound by the North Carolina Workers' Compensation Act.
3. All parties have been properly designated, and there is no question as to joinder or non-joinder of parties.
4. Insurance coverage existed on the date of injury.
5. Plaintiff alleges to have sustained a compensable injury on January 15, 2008.
6. An employment relationship existed between plaintiff and defendant-employer during some or all of the time period of the previous paragraph.
7. Plaintiff's average weekly wage was $406.50, yielding a compensation rate of $271.01 per week.
8. Plaintiff has been paid compensation consisting of indemnity benefits and medical treatment.
 *********** ISSUES
1. Whether plaintiff is entitled to any further benefits?
2. Whether the denial of defendants' Form 24 Application was erroneous?
3. Whether defendants are entitled to a credit for indemnity benefits paid to plaintiff since December 2, 2008?
4. Whether plaintiff's current condition and request for treatment is causally related to her compensable injury? *Page 3 
5. Whether Dr. James Haasis should be designated as plaintiff's authorized treating physician?
 *********** EXHIBITS
The following exhibits were stipulated into evidence before the Deputy Commissioner:
1. The parties stipulated the following documentary evidence:
 a. Stipulated Exhibit #1: I.C. Forms, medical records, discovery, employment records
 ***********
Based upon all of the competent evidence adduced from the record and the reasonable inferences therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 40 years old. On January 15, 2008, plaintiff was employed as a phlebotomist for defendant-employer, at which time she sustained an admittedly compensable injury while she was assisting an elderly patient out of a chair and immediately felt pain in her low back.
2. Defendants admitted the compensability of plaintiff's low back injury via a Form 60 reporting initiation of plaintiff's benefits filed on February 27, 2008. Defendants subsequently filed a Form 62 in which they reported plaintiff's average weekly wage as $406.50 and had undertaken payment of compensation at a rate of $271.01
3. Prior to the date of injury, plaintiff had been diagnosed with fibromyalgia and/or rheumatoid arthritis for which she had been treated by Dr. Jill Vargo and Dr. Stephen Mendelsohn. Plaintiff had previously suffered symptoms primarily with her hands and knees. *Page 4 
She had never had significant symptoms of back pain and had never suffered low back symptoms or pain such that she missed time from work. In fact the employer reported on the Form 22 that plaintiff was able to work consistently without absences for the entire year prior to her admitted injury in spite of undergoing treatment for her arthritis and fibromyalgia.
4. Plaintiff was initially evaluated for her back injury by Dr. Robert B. Moore on January 29, 2008, at which time she complained of back pain and provided a history in accordance with that above. At that time, plaintiff suffered primarily from back pain which radiated into her neck, and she was noted to have muscle spasms. She was given anti-inflammatory medication and a muscle relaxer, as well as a note to be off of work for 72 hours, followed by work restrictions of lifting no more than five pounds for a week.
5. Plaintiff continued under Dr. Moore's care for low back pain and muscle spasms. Dr. Moore released plaintiff to return to work on February 18, 2008, with restrictions lifting no more than ten pounds, as long as she had good back support. Cathy Scholten, clinic coordinator for defendant-employer, reported the defendant-employer had no work available which would permit plaintiff to work within her limitations and could not return her to work until the restrictions were eliminated.
6. Plaintiff returned to Dr. Moore on March 27, 2008, at which time he reported "patient states that she has continued to have back pain and muscles spasms in low back and bilateral SI joint pain" and reported her primary diagnosis as "lumbago".
7. On April 8, 2008, plaintiff presented to Dr. Michael Goebel of Blue Ridge Bone Joint, with complaints of low back and buttocks pain with suffering from pressure, tingling, sharp pain, throbbing, and muscle spasms. Dr. Goebel reported findings of low back pain and recommended plaintiff undergo physical therapy for range of motion and strengthening, and *Page 5 
gave her work limitations of lifting no more than 20 pounds, with occasional bending, stooping, and twisting. Defendant employer was unable to provide work within Dr. Goebel's limitations.
8. Throughout her treatment, Dr. Goebel reported plaintiff suffered from low back, SI joint and left leg pain which he diagnosed as "lumbar myofascial pain" and prescribed both physical therapy and SI joint injections to relieve her pain. Defendants accepted Dr. Goebel's diagnosis and authorized all his recommended treatments.
9. On October 30, 2008, after treating plaintiff for over 6 months without any significant improvement in her condition and in spite of worsening examination findings, Dr. Goebel recommended plaintiff return to full-duty work without restrictions based on his perceived lack of physical findings to justify plaintiff's pain. Plaintiff returned to Dr. Goebel on December 2, 2008 with continuing low back pain, and he suggested at that time that she obtain a second opinion. He noted that if the second opinion agreed with his assessment, he would place plaintiff at maximum medical improvement and assign a 0% rating.
10. Plaintiff obtained a second opinion from neurologist Dr. Michael Young on May 22, 2009, when he noted exam findings of "tenderness to palpation diffusely over her spine and left SI region" and testified such findings were consistent with Dr. Goebel's reported findings. Dr. Young diagnosed chronic pain disorder characterized by chronic low back and left leg pain which he stated was probably myofascial in origin and recommended plaintiff be referred to a chronic pain specialist for further assessment. Dr. Young also opined that plaintiff's symptoms were related to her admitted injury and not related to her rheumatoid arthritis.
11. Due to defendant's denial of additional medical treatment, plaintiff did not receive any further treatment for her back pain until October 13, 2009, when she presented to pain specialist Dr. John Haasis. Dr. Haasis noted the location of plaintiff's pain was in her back, left *Page 6 
lower extremity, and left SI joint, with a documented decreased range of motion in plaintiff's low back, with muscle spasms, positive straight leg raising and tenderness to palpation at the left SI joint. Dr. Haasis diagnosed plaintiff as suffering from low back pain, SI joint pain and myofascial pain, all of which was consistent with the diagnosis of Dr. Goebel.
11. Dr. Haasis has provided plaintiff with an ongoing treatment including medications and injections which were also consistent with the treatment undertaken by Dr. Goebel and authorized by the defendants. Additional diagnostic testing was negative for any spinal abnormality or evidence of nerve root compression.
12. Dr. Haasis opined that plaintiff's ongoing low back, SI joint and myofascial pain were a result of her admitted injury and were not caused by her rheumatoid arthritis or fibroymyalgia. Based on the severity of her pain, Dr. Haasis opined that plaintiff was not capable of working and that plaintiff continues to be disabled and require ongoing medical care.
13. Dr. John Rice performed a medical record review encompassing all of the medical records related to her compensable injury, rheumatological treatment, and pain management treatment, however Dr. Rice never met or examined plaintiff nor was he provided information about plaintiff's work history, including the fact she had not missed any time from work prior to her injury due to her rheumatoid arthritis.
14. Dr. Rice was offered as an expert in Rheumatology. Dr. Rice opined that the January 15, 2008 low back strain/sprain did not aggravate plaintiff's chronic pain disorder and her current and ongoing complaints are related to her pre-existing fibromyalgia and are not related to her compensable lumbar strain. Dr. Rice indicated plaintiff suffered from depression, stress or anxiety which is causing or contributing to her ongoing pain, including financial stressors. However, Dr. Rice admitted in reaching such opinion he was speculating and guessing *Page 7 
as to plaintiff's motivation as he was not familiar with her family or financial situation. Dr. Rice was also not aware plaintiff had not missed any time from work while undergoing treatment for her rheumatoid arthritis.
15. Inasmuch as Dr. Haasis findings, diagnosis and treatment were consistent with Dr. Goebel and Dr. Young, and in light of fact that Dr. Rice's opinions are, by his own admission, based on his speculation and guessing as to plaintiff's mental status and her actual work history, the Full Commission accepts Dr. Haasis' opinion as more credible.
16. Based upon the opinion of Dr. Haasis, the Full Commission finds that plaintiff's continued complaints of SI joint pain, left leg pain and myofascial pain are directly and causally related to her admittedly compensable injury of January 15, 2008. The Full Commission finds that the treatment which plaintiff undertook from Dr. Haasis was necessary to give relief of her pain, and further that as a result of her pain, plaintiff remains incapable of earning any wage as a result of her work related injury.
17. Based upon a preponderance of the evidence in the record, the Form 24 Application to Terminate Benefits was properly denied by the Special Deputy Commissioner.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of the employment on January 15, 2008, resulting in a back sprain/strain, SI joint pain, left leg pain and myofascial pain. N.C. Gen. Stat. § 97-2(6). *Page 8 
2. As a result of her injury by accident, plaintiff is incapable of earning wages in any employment and is entitled to have defendants pay temporary total disability benefits at the rate of $271.01 per week from February 27, 2008 and continuing until further order of the Commission. N.C. Gen. Stat. §§ 97-28; 97-29.
3. Plaintiff is entitled to have defendants pay for the medical expenses incurred by plaintiff as a result of her compensable injury, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief or tend to lessen plaintiff's period of disability, including treatment received from Dr. Haasis. N.C. Gen. Stat. §§ 97-25, 97-25.1.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Subject to the attorney's fee approved below, defendants shall pay plaintiff temporary total disability benefits at the rate of $ 271.01 from February 27, 2008, and continuing until further order of the Commission.
2. Defendants shall pay for the medical expenses incurred by plaintiff as a result of her compensable injury, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief or tend to lessen plaintiff's period of disability, including treatment received from Dr. John Haasis, who is hereby designated as plaintiff's authorized treating physician.
3. Plaintiff's counsel is entitled to a reasonable attorney's fee of 25% of the total compensation awarded to plaintiff. Defendants shall deduct 25% of the lump sum amount owed *Page 9 
to plaintiff and pay this amount directly to plaintiff's counsel. Thereafter, every fourth check shall be paid directly to plaintiff's counsel.
4. Defendants shall pay the costs of this matter.
This the __ day of November, 2011.
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ DANNY L. McDONALD COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1